# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  August 31, 2021

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| DEREK SAUNDERS, | |
| | |
| Petitioner, | No. 17-1120V |
| | Special Master Oler |
| v. | |
| | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.
*Adriana R. Teitel*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 21, 2017, Derek Saunders ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of the flu vaccination he received on October 14, 2015. *See* Petition, ECF No. 1. On March 16, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on March 17, 2021. (ECF No. 58).

On June 21, 2021, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 72) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $55,349.04, representing $49,678.50 in attorneys' fees and $5,670.54 in attorneys' costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner states that he has not incurred any costs

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

related to this litigation. *Id.* Respondent responded to the motion on July 6, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (ECF No. 65). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.     Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.   Reasonable Hourly Rates

The undersigned has reviewed the rates requested by Petitioner for the work of his counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Ms. Meredith Daniels and Mr. Joseph Pepper, with supporting work from Mr. Ronald Homer, Mr. Patrick Kelly, Ms. Lauren Faga, and Ms. Christina Ciampolillo). The rates requested for these are attorneys are consistent with what they have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b.   Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*,

18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the majority of the hours billed to be reasonable. However, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Human Servs.,* No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Human Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). A reduction of $681.20 shall be made to address this issue.

### c.   Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $5,670.54 in attorneys' costs. Fees App. at 31-32. This amount is comprised of acquiring medical records, the Court's filing fee, travel costs associated with attending the fact hearing, and work performed by Petitioner's medical expert, Dr. Marko Bodor. Petitioner has provided adequate documentation supporting these costs and they are reasonable in the undersigned's experience.

## II.   Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $49,678.50 |
|---|---|
| (Reduction to Fees) | - ($681.20) |
| **Total Attorneys' Fees Awarded** | **$48,997.30** |
| | |
| Attorneys' Costs Requested | $5,670.54 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$5,670.54** |
| | |
| **Total Amount Awarded** | **$54,667.84** |

Accordingly, the undersigned awards a lump sum in the amount of $54,667.84, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

_s/ Katherine E. Oler_
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).